UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HILTON KARRIEM MINCY,<br><br>        Plaintiff<br><br>        v.<br><br>LUZERNE COUNTY PENNSYLVANIA, et al.,<br><br>        Defendants | CIVIL ACTION NO. 3:12-CV-00608<br><br>(MARIANI, J.)<br>(MEHALCHICK, M.J.) |

## **MEMORANDUM**

**I.  BACKGROUND AND PROCEDURAL HISTORY**

On April 3, 2012, Plaintiff Hilton Karriem Mincy, an inmate currently incarcerated at a State Correctional Institute in Somerset, Pennsylvania, filed the instant action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. 1). On May 15, 2012, Mincy filed an amended complaint. (Doc. 10). On March 21, 2013, Mincy filed a motion for leave to file a second amended complaint and a proposed second amended complaint. (Doc. 112; Doc. 114). On July 8, 2013, while Mincy's motion to file an amended complaint (Doc. 112) was still pending, he filed a motion for leave to file a second amended complaint and a proposed amended complaint. (Doc. 154, Doc. 156). On July 22, 2013, Defendants filed a motion to strike Mincy's motion. (Doc. 157). On September 6, 2013, Mincy filed a motion for sanctions (Doc. 162) regarding Defendants' motion to strike (Doc. 157). On September 12, 2013, this Court issued an order granting Mincy's motion (Doc. 154), and mooting all other motions related to Plaintiff filing an amended complaint. (Doc. 166). Mincy also filed several motions related to discovery issues (Doc. 162, Doc. 171, Doc. 191, Doc. 195, Doc. 198, and Doc. 203). On November 25, 2013, this Court entered an Order denying these motions (Doc. 215). Currently pending before this

Court are several other motions, including a Motion for Reconsideration (Doc. 173) filed by Mincy, a Motion to Dismiss (Doc. 176) filed by the Defendants, a Motion for Summary Judgment (Doc. 178) and Motion to Dismiss (Doc. 180) filed by Mincy, a Motion to Strike (Doc. 189) filed by Mincy, and a Motion for Rule 11 Sanctions (Doc. 209) filed by Mincy. Both Mincy and the Defendants have also file Motions for Partial Summary Judgment (Doc. 218 and Doc. 223).

Most recently, Mincy has filed a Motion to Disqualify (Doc. 222) and a Motion for Recusal (Doc. 229), which are identical in nature. In his motions, Mincy seeks to have the undersigned Magistrate Judge removed from his case, alleging prejudice against him by the undersigned for (1) refusing to adhere to the Federal Rules of Civil Procedure, (2) issuing rulings contrary to the Federal Rules of Civil Procedure, (3) intentionally delaying timely rulings to his multiple pending motions, and (4) failing to alert the Court and the parties to actions in which the undersigned was former counsel for Defendants.

## II. DISCUSSION

Under 28 U.S.C. § 455, a judge is required to recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or "[w]here [s]he has a personal bias or prejudice concerning a party." *Culver v. Specter*, 1:11-CV-02205, 2013 WL 5488532 (M.D. Pa. Sept. 30, 2013); *citing* 28 U.S.C. § 455(a) and 28 U.S.C. § 455(b)(1). The test for recusal under § 455(a) is an objective test and requires recusal where a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir.2004). Bias meriting recusal under either subsection (a) or (b)(1), "must stem from a source outside of the official

proceedings." *Liteky v. United States,* 510 U.S. 540, 554, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). *See Selkridge v. United of Omaha Life Ins. Co.,* 360 F.3d 155, 167 (3d Cir.2004) (beliefs or opinions which merit recusal must involve an extrajudicial factor). The Third Circuit has repeatedly observed that "a party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom, Inc.,* 224 F.3d 273, 278 (3d Cir.2000); *citing In re TMI Litig.,* 193 F.3d 613, 728 (3d Cir.1999) and *Jones v. Pittsburgh Nat'l Corp.,* 899 F.2d 1350, 1356 (3d Cir.1990) and *Jones v. Pittsburgh Nat'l Corp.,* 899 F.2d 1350, 1356 (3d Cir.1990). *See Waris v. Heartlean Home Healthcare Services, Inc.,* 365 F. App'x 402, 406–07 (3d Cir.2010).

Finally, in assessing recusal requests, courts must remain mindful that, in the hands of some unscrupulous advocates, a recusal motion may simply be a calculated tactical tool designed to avoid or overturn the result which the law dictates in a case. Thus, in every instance:

> [T]he court must consider whether attacks on a judge's impartiality are simply subterfuge to circumvent anticipated adverse rulings. *In re Antar,* 71 F.3d at 101; *Alexander v. Primerica Holdings, Inc.,* 10 F.3d 155, 162 (3d Cir.1993). Indeed, a judge "has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require."
>
> *Bryce v. Episcopal Church in the Diocese of Colorado,* 289 F.3d 648, 659 (10th Cir.2002) (quoting *Nichols,* 71 F.3d 347, 351 (10th Cir. 1995); *Cooney v. Booth,* 262 F.Supp.2d 494, 508 (E.D.Pa.2003); *see also United States v. Snyder,* 235 F.3d 42, 46 n. 1 (1st Cir.2000); *Curley v. St. John's University,* 7 F.Supp.2d 359, 362 (S.D.N.Y.1998).

Thus, "the court must consider whether attacks on a judge's impartiality are simply subterfuge to circumvent anticipated adverse rulings." *Conklin v. Warrington Twp.,* 476 F.Supp.2d 458, 462–64 (M.D.Pa.2007); *see also Lease v. Fishel,* 712 F.Supp.2d 359, 373–74 (M.D.Pa.2010). Judged against these standards, Mincy's recusal request, which is based in part

upon his dissatisfaction with this Court's rulings on discovery motions, motions to extend time, and the time it is taking for the Court to rule on several dispositive motions, simply provides no grounds for recusal and will be denied.

Mincy also submits that the undersigned Magistrate Judge should recuse herself based upon three cases[1] in which she appeared as counsel prior to her time on the bench. Besides requiring disqualification in any proceeding in which a judge's impartiality might reasonably be questioned, § 455 also requires, in pertinent part, that a judge disqualify herself:

> (1) Where [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> (2) Where in private practice [s]he served as lawyer in the matter in controversy, or a lawyer with whom [s]he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
> 28 U.S.C. § 455(b).

The undersigned has not served as a lawyer in the instant matter; nor has her former firm or any of her former partners or associates served as counsel in this matter. While the three cases on which Mincy relies in his motion all involve parties or agencies located in Luzerne

---

[1] The three cases noted by Mincy are *Ormsby v. Luzerne Cnty. Dep't of Pub. Welfare Office of Human Servs.*, 149 F. App'x 60 (3d Cir. 2005); *Konopka v. Borough of Wyoming*, 383 F. Supp. 2d 666 (M.D. Pa. 2005); and *Lohman v. Duryea Borough*, 574 F.3d 163 (3d Cir. 2009).

County, one of the Defendants in the instant matter, Luzerne County is not a Defendant in any of the three cases in which the undersigned was counsel. Moreover, the undersigned has no personal knowledge of the facts in this matter, and has not been a material witness concerning this matter. Mincy has provided no evidence that she does.

Mincy fails to point to any action or ruling that illustrates any deep-seated and unequivocal antagonism towards Mincy. As such, Mincy's failure to provide any evidence of extrajudicial bias is fatal to his recusal claim. Moreover, Mincy's claim that the undersigned should affirmatively recuse herself based upon work she did as an attorney in private practice fails, as the present action is entirely unrelated to the undersigned's work as an attorney in private practice, and there is no evidence that she has any personal knowledge of or relationship to the present matter. For these reasons, the Court will deny Mincy's motions for recusal and disqualification.

An appropriate Order follows.

**BY THE COURT:**

Dated: December 12, 2013

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**