## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

HILTON KARRIEM MINCY,

|                                        |                                         |
|----------------------------------------|-----------------------------------------|
| Plaintiff                              | CIVIL ACTION NO. 3:12-CV-00608          |
| v.                                     | (MARIANI, J.)                           |
| LUZERNE COUNTY, PENNSYLVANIA, et al.,  | (MEHALCHICK, M.J.)                      |
| Defendants                             |                                         |

### MEMORANDUM

On April 3, 2012, Plaintiff Hilton Karriem Mincy, an inmate currently incarcerated at the State Correctional Institution - Forest in Marienville, Pennsylvania, filed the instant action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. 1). On May 15, 2012, Plaintiff filed an amended complaint. (Doc. 10). On March 21, 2013, Plaintiff filed a motion for leave to file a second amended complaint and a proposed second amended complaint. (Doc. 112; Doc. 114). On July 8, 2013, while Plaintiff's motion to file an amended complaint (Doc. 112) was still pending, Plaintiff filed a motion for leave to file a second amended complaint and a proposed second amended complaint. (Doc. 154, Doc. 156). On September 12, 2013, this Court issued an order granting Plaintiff's motion (Doc. 154), and mooting all other motions related to Plaintiff filing an amended complaint. (Doc. 166). Defendants filed a motion to dismiss Plaintiff's second amended complaint on September 26, 2013. (Doc. 176). On August 25, 2014, the Court adopted the Report and Recommendation of the undersigned Magistrate Judge (Doc. 253), and granted in part and denied in part Defendants' motion to dismiss. (Doc. 281). On September 8, 2014, Defendants filed an Answer and Affirmative Defenses (Doc. 283) to Plaintiff's Second Amended Complaint.

Pending before this Court are a number of motions which are ripe for decision, and will be addressed herein. Specifically, in this Order, the Court will address Plaintiff's Motion for Sanctions (Doc. 218), Plaintiff's Motion to Attach "Appendix H" to the Second Amended Complaint (Doc. 248), Defendants' Motion to Strike Plaintiff's Motion for Judgment on the Pleadings (Doc. 266), and Plaintiff's three Motions to Strike (Doc. 268, Doc. 274, and Doc. 278).[1]

I.   **BACKGROUND AND PROCEDURAL HISTORY**

The Defendants in this action are Luzerne County, Pennsylvania; Carolee Medico Olenginski, former Prothonotary of Luzerne County; Bob Sypinewski, former Deputy Prothonotary of Luzerne County; and Samuel C. Stretton, the former Solicitor to the Luzerne County Prothonotary's Office.

Plaintiff's claims stem from a civil action filed on May 18, 2009, in the Luzerne County Court of Common Pleas, *Mincy v. Marsillio*, No. 2009-7626. (Doc. 156, p. 2). In that action, Plaintiff brought a suit against his former attorney, Thomas Marsillio, claiming legal malpractice and breach of contract. (Doc. 58, p. 3). Plaintiff alleges that throughout the *Marsillo* matter, the court personnel in the Prothonotary's office exhibited a pattern of misconduct. In

---

[1] Also pending before the Court are the following motions: Plaintiff's Motion for Reconsideration (Doc. 173), in which Plaintiff asks the District Court to reconsider its Order (Doc. 166) of September 12, 2013; Plaintiff's Objection and Appeal of the Magistrate Judge's Order at Docket #244 (Doc. 247), which Plaintiff has filed pursuant to Federal Rule of Civil Procedure 72 and Local Rule 72.2; Plaintiff's Motion for Reconsideration (Doc. 250), in which Plaintiff asks the District Court to reconsider its Order (Doc. 243) of May 15, 2014; Plaintiff's Motion for Partial Summary Judgment (Doc. 218); Defendants' Motion for Summary Judgment (Doc. 285); Plaintiff's Motion to Clarify (Doc. 292); and Plaintiff's Motion to Amend/Correct Complaint (Doc. 300).

that case, a hearing was held on March 29, 2010, and Judge Muroski ordered Plaintiff's amended complaint to be filed. (Doc. 156, ¶¶ 17-23). The preliminary objections of the defendant in that case, Marsillio, were deemed moot and Marsillio indicated to the court via a letter that his preliminary objections to the amended complaint would be the same, but did not re-file the objections. (Doc. 156, ¶ 25). On April 12, 2010, the court dismissed the case. (Doc. 156, ¶ 27). Plaintiff alleges that because the objections were not formally re-filed, he was not given an opportunity to respond, thus violating his right to access the courts. Plaintiff further avers that the court did not send him a copy of the order entered dismissing his case until a week later. (Doc. 156, ¶¶ 28-30). Plaintiff also alleges that he moved to amend his complaint and that either Olenginski or Sypinewski failed to properly file his amended complaint.

Plaintiff further alleges that Defendants did not permit Plaintiff to file an appeal of Judge Chester Muroski's April 12, 2010 Order dismissing, on preliminary objections, Plaintiff's complaint in the *Marsillio* case. Specifically, Plaintiff alleges that on May 11, 2010, he informed the court of his intent to appeal. (Doc. 156, ¶ 37). The appeal was not filed. On May 28, 2010, Defendant Stretton, acting as "Solicitor for the Prothonotary" informed Plaintiff that the appeal would not be filed because it was received more than thirty (30) days after the court order and because there were insufficient filing fees attached. (Doc. 13, pp. 2, 6). Plaintiff alleges that pursuant to the prisoner mailbox rule, his appeal was given to the prison officials within the thirty day period and should be considered timely. Plaintiff also alleges that his failure to include fees should have been addressed with an advisory notice, rather than an outright denial of the filing.   On July 14, 2011, Plaintiff brought a mandamus action seeking to compel Defendants to accept the filing of his appeal. *Mincy v. Olenginski*, No. 121 MM 2011. On

January 26, 2012, the Supreme Court of Pennsylvania entered an order denying Plaintiff's petition for writ of mandamus. *Mincy v. Olenginski*, No. 121 MM 2011.

On April 3, 2012, Plaintiff initiated the instant action against Luzerne County, Judge Muroski, Olenginski, Sypinewski, and Stretton in the United States District Court for the Middle District of Pennsylvania. (Doc. 1). On November 9, 2012, this Court issued a Report and Recommendation, recommending that Defendant Judge Muroski be dismissed from the action. (Doc. 58). This Court further recommended that claims against Defendants Olenginski, Stretton, and Sypinewski in their official capacities be dismissed. (Doc. 58). On November 29, 2012, this Court adopted the Report and Recommendation. (Doc. 63).

Pursuant to this Court's November 29, 2012 Order, the remaining defendants in this action are Luzerne County, and Olenginski, Sypinewski, and Stretton in their individual capacities. (Doc. 63, p. 2). The remaining claims are: violations of the First and Fourteenth Amendments for interfering with Plaintiff's access to the courts; First Amendment retaliation; and conspiracy to deprive Plaintiff of his First and Fourteenth Amendment rights. On July 8, 2013, Plaintiff amended his complaint to include the following claims: a Fourteenth Amendment equal protection claim; municipal liability claims; and a state law claim arising out of Article 5, Section 9 of the Pennsylvania Constitution. (*See* Doc. 156). Plaintiff seeks monetary, injunctive, and declaratory relief.

II.   **DISCUSSION**

    A.   PLAINTIFF'S MOTIONS TO STRIKE DOCUMENTS RELATED TO DEFENDANTS' OBJECTIONS TO THE REPORT AND RECOMMENDATIONS (DOC. 268 AND DOC. 274)

On May 21, 2014, the undersigned magistrate judge entered a Report and

4

Recommendation (Doc. 253) as to Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint. Plaintiff then filed objections (Doc. 260) to the Report and Recommendations. Defendants then filed a response to Plaintiff's objections. (Doc. 265). Plaintiff then moved to strike Defendants' response to his objections. (Doc. 268). Defendants also filed objections to the Report and Recommendation (Doc. 257). Plaintiff also moved to strike these objections. (Doc. 274).

On August 25, 2014, the District Court adopted the Report and Recommendation. (Doc. 281). As such, Plaintiff's motions to strike Defendants' objections to the Report and Recommendation and their response to his objections are moot, and will be denied as such.

B. PLAINTIFF'S MOTION FOR SANCTIONS (DOC. 209)

Plaintiff has moved for sanctions pursuant to Federal Rule of Civil Procedure 11, for various purported infractions and violations of the rules by Defendants, including untimely filing of motions and other documents, and misciting case law in their motion to dismiss and brief in support. Ultimately, though Plaintiff's motion argues the merits of the underlying complaint, and does not offer any evidence of misconduct which would serve as a basis of any alleged misconduct or abuse of process by Defendants or their counsel. In deciding a motion for Rule 11 sanctions, the Court should not pass judgment on the merits of an action. *CTC Imports & Exports v. Nigerian Petroleum Corp.*, 951 F.2d 573, 579 (3d Cir. 1991). Moreover, Defendants' motion to dismiss was granted in part and denied in part, and was not unreasonable in its filing. There is no evidence of any bad faith or failure to investigate by the Defendants. *See Teamsters Local Union No. 430 v. Cement Express, Inc.*, 841 F.2d 66, 68 (3d Cir.1988), *cert. denied* 488 U.S. 848, 109 S.Ct. 128, 102 L.Ed.2d 101 (1988)) (Rule 11 sanction is appropriate "only if the filing

of the complaint constituted abusive litigation or misuse of the court's process"). In light of all the circumstances in this case, the Court does not find that sanctions are warranted, and will deny Plaintiff's motion.

C. DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. 266)

On June 13, 2014, Plaintiff filed a motion for judgment on the pleadings (Doc. 261). Defendants moved to strike Plaintiff's motion on July 8, 2014 (Doc. 266). Defendants move to strike Plaintiff's motion for judgment on the pleadings on the grounds that it was prematurely filed, as the pleadings were not yet closed in this matter. For the following reasons, this Court will grant Defendant's motion to strike.

Federal Rule of Civil Procedure 12(c) states as follows: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Pleadings are not closed until such time as defendants file an answer to a complaint. *Kalian at Poconos, LLC v. Saw Creek Estates Cmty. Ass'n, Inc.*, 275 F. Supp. 2d 578, 592 (M.D. Pa. 2003); *see* 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367, at 513 (2d ed.1990)(stating that a "plaintiff cannot move under Rule 12(c) until after an answer has been filed"). In this case, Plaintiff effectively filed his second amended complaint on September 12, 2013. (Doc. 166). Defendants filed a motion to dismiss that complaint on September 26, 2013 (Doc. 176). On May 21, 2013, the undersigned Magistrate Judge issued a Report and Recommendation on that motion to dismiss. (Doc. 253). While that Report and Recommendation and objections thereto were pending with the District Court, and while Defendants had not yet filed an answer to the complaint, Plaintiff filed the instant motion for judgment on the pleadings. (Doc. 261). As such, pursuant to Rule 12(c), pleadings were not yet

closed, and Plaintiff's motion was premature. For these reasons, the Court will grant Defendants' motion to strike (Doc. 266), and direct that the Court strike Plaintiff's motion for judgment on the pleadings (Doc. 261) from the docket. Additionally, Plaintiff has filed a motion to strike (Doc. 278), in which he seeks to strike Defendants' motion to strike. As this Court will grant Defendants' motion, it will deny Plaintiff's motion to strike.

> D. PLAINTIFF'S MOTION TO ATTACH "APPENDIX H" TO SECOND AMENDED COMPLAINT (DOC. 248)

On May 13, 2014, Plaintiff filed a motion (Doc. 248) in which he seeks to untimely file and attach to his second amended complaint, Appendix H. The proposed Appendix H appears to be correspondence between Plaintiff and some of the Defendants regarding his request for job descriptions, and some job descriptions. (Doc. 249).

The Court notes that Plaintiff has amended his complaint twice prior to this motion to attach. Moreover, in the District Court's September 12, 2013 order, the Court very explicitly stated that "absent the most compelling reasons, the Court will not grant any further amendments to the Complaint." (Doc. 166). Nearly eight months after this Order, Plaintiff sought leave to file this attachment and therefore amend his complaint. Granting leave to amend at this juncture would not only be in violation of the Court's previous order, but also would unduly delay and confuse these proceedings further. Such delay and confusion would be prejudicial to Defendants. *Cuerton v. National Collegiate Athletic Ass'n.*, 252 F.3d 267, 272 (3d Cir. 2001). Finally, the Court notes that to the extent that the attachment may be relevant to the issues in this case, there is nothing precluding Plaintiff from attempting to offer it as evidence in

response to any dispositive motions, or should the case reach this point, at trial.[2]

For these reasons, the Court will deny Plaintiff's motion to attach. (Doc. 248).

III.    **CONCLUSION**

Based on the foregoing, the Court concludes as follows:

1.  Plaintiff's Motions to Strike Documents Related to Defendants' Objections to the Report and Recommendations (Doc. 268 and Doc. 274) are **DENIED**;

2.  Plaintiff's Motion for Sanctions (Doc. 209) is **DENIED;**

3.  Defendants' Motion to Strike Plaintiff's Motion for Judgment on the Pleadings (Doc. 266) is **GRANTED**; the Clerk of Court is directed to Strike Plaintiff's Motion (Doc. 261); and Plaintiff's Motion to Strike (Doc. 278) is **DENIED**; and

4.  Plaintiff's Motion to Attach "Appendix H" to Second Amended Complaint (Doc. 248) is **DENIED**.

An appropriate Order will follow.

**Dated: November 20, 2014**                              *s/ Karoline Mehalchick*
                                                                              **KAROLINE MEHALCHICK**
                                                                              **United States Magistrate Judge**

---

[2] The Court is in no way making any determination as to the relevance or admissibility of these documents for a dispositive motion or at trial, but is merely noting that Plaintiff might have another avenue in which to introduce these documents into the case without amending his complaint yet again.