THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HILTON KARRIEM MINCY,

    Plaintiff,

v.                               3:12-CV-00608
                                  (JUDGE MARIANI)
LUZERNE COUNTY, et al.

    Defendants.

## MEMORANDUM OPINION

Presently before the Court is a Report and Recommendation ("R & R") by Magistrate Judge Mehalchick in which the Magistrate Judge recommends granting Defendants' Motion for Summary Judgment and denying Plaintiff's Motion for Partial Summary Judgment. (Doc. 327). Plaintiff Hilton Karriem Mincy ("Mincy") has filed Objections to the R&R. (Docs. 328, 332). Upon *de novo* review of Magistrate Judge Mehalchick's R&R, the Court will overrule Mincy's Objections and adopt the R&R for the reasons that follow.

Mincy's Second Amended Complaint centers around allegations that the Defendants—Luzerne County, former Prothonotary of Luzerne County Carolee Olenginski, former Deputy Prothonotary of Luzerne County Bob Sypniewski, and former Solicitor to the Luzerne County's Prothonotary's Office Samuel Stretton—refused to file certain documents, including an appeal of an April 12, 2010 Order dismissing Mincy's malpractice complaint against his former attorney. Mincy alleges that he informed the Defendants of his intent to appeal on May 11, 2011 and therefore his appeal was timely. However, on May 28, 2010,

Defendant Stretton informed Mincy that his appeal would not be filed because it was received more than thirty (30) days after the Court order and did not include the proper filing fee. Count I of the Second Amended Complaint alleges that the Defendants denied Mincy access to courts in violation of the First and Fourteenth Amendments. Count II of the Second Amended Complaint raises a First Amendment retaliation claim and Count III alleges a denial of Equal Protection. Mincy's remaining claims include, *inter alia*, a *Monell* liability claim and various state law claims under Pennsylvania law.

Mincy first objects to the R&R by asserting that the Magistrate Judge "misstate[d] the background and procedural history of the second amended complaint (and facts of record) and acts as an advocate for the defendants in relying upon those misstatements in order to mold the facts in a manner favorable to the defendants." (Doc. 332, at 1). Upon review of the record, the Court finds that this objection is wholly without merit and will be overruled.

Second, Mincy asserts that the R&R should "be stricken and dismissed because Plaintiff and/or defendants have not expressly consented to a magistrate pursuant to 28 U.S.C. Section 636." (Doc. 332, at 1). This objection is without merit. *See Jackson v. Wingard*, Civil Action No. 14-1530, 2015 WL 5311278 at *2 (W.D. Pa. Sept. 11, 2015) ("Here, petitioner did not consent to a magistrate judge having the authority to, among other things, enter judgment in this case; rather, petitioner elected to have his case assigned to a district court judge. Under those circumstances, the magistrate judge to which the case is referred does not have the authority to enter judgment with respect to dispositive motions . . . *but*

*may, among other things, issue a report and recommendation with respect to dispositive motions in accordance with 28 U.S.C. § 636(b)(1)(B) and (C).*") (emphasis added). That is what happened here—the Court referred the pending summary judgment motions to Magistrate Judge Mehalchick who issued a report and recommendation. Magistrate Judge Mehalchick did not enter any judgment with respect to any dispositive motion.

Third, Mincy asks this Court to overrule the R&R based on what he maintains are "contradictory and perjurous [sic] affidavits submitted by the defendants, that are also not supported by any of the facts of record" and failed to "meet Defendants' burden of evidence under Federal Rules of Civil Procedure, Rule 56." (Doc. 332, at 1). Specifically, Mincy asserts that the affidavit of Defendant Olenginski is pejurious because it "seeks to create the false impression that she did not know of the incidents surrounding the refusal to file Plaintiff's notice of appeal." (Doc. 332, at 35). In addition, Mincy claims that the Sypniewski affidavit "falsely alleges that he was advised by Defendant Stratton to not file Plaintiff's notice of appeal, however, the May 19, 2010 letter from Defendant Sypniewski does not indicate that, nor does the May 28, 2010 letter from Defendant Stratton." (*Id.* at 36). These objections, too, lack merit. The Court's review of the record shows that these affidavits are "not starkly at odds" with the record evidence. *Brown v. Plaff*, 161 F. App'x 218, 220 (3d Cir. 2006).

Finally, Mincy asks the Court to overrule the R&R because the Magistrate Judge: (1) "ignore[d] (credible) sufficient evidence favoring the non-moving party (the Plaintiff) such

3

that a reasonable jury could return a verdict in Plaintiff's favor," (2) "did not view the facts in the light most favorable to the non-moving party (Plaintiff) and draw all inferences in Plaintiff's favor; and (3) misappl[ied] the substantive law." (Doc. 332, at 1). A review of the record, the R&R, and applicable case law leads the Court to conclude that the Magistrate Judge properly entered summary judgment in favor of the Defendants and against Plaintiff. Accordingly, the Court will adopt the R&R in its entirety. A separate Order follows.

Robert D. Mariani
United States District Judge